

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: mbainer@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FLORES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIFIT CORPORATE SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 3:15-cv-03423-WHO<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**<br><br>**Date:** May 17, 2016<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Honorable William H. Orrick |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**SCOTT COLE & ASSOCIATES, APC**
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## NOTICE OF MOTION

**NOTICE IS HEREBY GIVEN** that, on May 17, 2016 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 on the 17th floor of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Representative Plaintiff Francisco Flores will and hereby does move the Court for an Order: (1) Granting preliminarily approval of the class action settlement agreement,[1] (2) Granting conditional certification of the Settlement Class, (3) Appointing Scott Cole & Associates, APC ("SCA") as Class Counsel, (4) Appointing Plaintiffs Francisco Flores and Giulia Ferraris as Class Representatives, (5) Appointing Rust Consulting, Inc. as the Settlement Administrator, (6) Approving the Class Notice and timeline for administration, and (7) Setting the final approval hearing date.

This Motion is based upon the attached Memorandum of Points and Authorities, the accompanying Declaration of Matthew R. Bainer, Esq. and exhibits thereto, and such other oral argument and documentary evidence as may be presented to the Court at the hearing of this Motion.

Dated: May 4, 2016                    **SCOTT COLE & ASSOCIATES, APC**


                                      By:    /s/ Matthew R. Bainer
                                             Matthew R. Bainer, Esq.
                                             Attorneys for the Representative Plaintiff
                                             and the Plaintiff Class

---

[1] A copy of the fully executed settlement agreement, entitled MediFit Corporate Services, Inc. "Wage and Hour" Class Action Settlement Agreement and Release of Claims ("Settlement"), is attached to the Declaration of Matthew R. Bainer, Esq. ("Bainer Decl."), filed concurrently herewith, as Exhibit "A." Unless otherwise noted, all exhibits cited herein are attached to the Bainer Decl.

1

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     SUMMARY OF SETTLEMENT TERMS.............................................................1

III.    SEQUENCE OF EVENTS UNDER THE SETTLEMENT .................................2

IV.     THE SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL ............3

        A.      THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF
                FURTHER LITIGATION ALL SUPPORT APPROVAL.....................................4

        B.      CLASS COUNSEL'S EFFORTS SUPPORT APPROVAL OF THE
                SETTLEMENT.................................................................................................5

        C.      CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE
                BASIS IS APPROPRIATE UNDER RULE 23.................................................6

                1.      The Numerosity, Typicality, and Adequacy Elements of FRCP Rule
                        23(a) are Satisfied Here .................................................................6

                2.      The Commonality Element of FRCP Rule 23(a) is Satisfied Here ............7

                3.      The Requirements of FRCP Rule 23(b)(3) are Satisfied Here ...................8

V.      THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE
        PROCESS ...........................................................................................................9

        A.      THE CLASS NOTICE SATISFIES DUE PROCESS AND MEETS ALL OF
                THE ELEMENTS OF FRCP RULE 23(c)(2)(B) .........................................9

        B.      THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS
                BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT
                CLASS MEMBERS NOTICE.........................................................................10

VI.     PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ...........10

VII.    SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.......................11

VIII.   CONCLUSION...................................................................................................11

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-ii-

Memorandum of Points & Authorities in Support of Plaintiff's Motion for Preliminary Settlement Approval
Case No. 3:15-cv-03423-WHO

**TABLE OF AUTHORITIES**

**Cases**

*Acosta v. Trans Union, LLC,*
243 F.R.D. 377 (C.D. Cal. 2007) ........................................................................ 6

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ................................................................................... 6, 9

*Becherer v. Merrill Lynch, Pierce, Fenner & Smith,*
809 F. Supp. 1259 (E.D. Mich. 1992) ............................................................. 10

*Blackie v. Barrack,*
524 F. 2d 891 (9th Cir. 1975) ......................................................................... 9

*Brinker Restaurant Corp. v. Superior Court,*
53 Cal.4th 1004 (Cal. 2012) ........................................................................... 4

*California Rural Legal Assistance v. Legal Services Co.,*
917 F.2d 1171 (9th Cir. 1990) ......................................................................... 7

*Day v. NLO,*
851 F.Supp. 869 (S.D. Ohio 1994) .................................................................. 7

*Fulton v. TLC Lawn Care, Inc.,*
2012 U.S. Dist. LEXIS 68777 (D. Kan. May 17, 2012) .................................. 10

*Fulton, et al. v. 24 Hour Fitness,*
San Diego Superior Court, Case No. GIC 881669, filed Feb. 21, 2007 ............ 5

*General Tel. Co. of Southwest v. Falcon,*
457 U.S. 147 (1982) ........................................................................................ 7

*Gutierrez v. Kovacevich "5" Farms,*
2004 WL 3745224 (E.D. Cal. Dec. 2, 2004) .................................................. 8

*Haley v. Medtronic, Inc.,*
169 F.R.D. 643 (C.D. Cal. 1996) .................................................................... 7

*Hammon v. Berry,*
752 F. Supp. 108 (D.D.C.1990) ..................................................................... 3

*In re Mego Financial Corp. Securities Litig.,*
213 F.3d 454 (9th Cir. 2000) ......................................................................... 3

*In re Michael Milken & Assocs. Sec. Litig.,*
150 F.R.D. 57, 60 (S.D.N.Y. 1993) ............................................................... 10

*Levi v. The Equinox Group, Inc.,*
San Mateo Superior Court, Case No. CIV509606, filed Nov. 8, 2011 .............. 6

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
244 F. 3d 1152 (9th Cir. 2001) ....................................................................... 7

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*Mendoza v. United States,*
  623 F. 2d 1338 (9th Cir. 1980) ................................................................. 9

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.,*
  2004 WL 2997526 (D. Or. Dec. 16, 2004) ............................................. 11

*Staton v. Boeing Co.,*
  327 F. 3d 938 (9th Cir. Wash. 2003) ....................................................... 7

*Steinberg v. Carey,*
  470 F. Supp. 471 (S.D.N.Y. 1979) ........................................................... 3

*Wehner v. Syntex Corp.,*
  117 F.R.D. 641 (N.D. Cal. 1987) .............................................................. 7

*Wershba v. Apple Computer, Inc.,*
  91 Cal. App. 4th 224 (2001) ..................................................................... 3

**Other Authorities**
4 Newberg § 11:25 ........................................................................................ 3

*Manual for Complex Litigation,* Fourth § 21.63 ..................................... 11


**Federal Statutes & Regulations**
Federal Rules of Civil Procedure Rule 23 ................................... passim


**California Statutes & Regulations**
California Business and Professions Code §§ 17200, *et seq.* .................. 8

California Labor Code § 1174 ..................................................................... 8

California Labor Code § 1197 ..................................................................... 8

California Labor Code § 203 ....................................................................... 8

California Labor Code § 204 ....................................................................... 8

California Labor Code § 226 ....................................................................... 8

California Labor Code § 226.7 .................................................................... 8

California Labor Code § 2802 ..................................................................... 8

California Labor Code § 512 ....................................................................... 8

California Labor Code §§ 201-204 ............................................................. 8

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## I.    INTRODUCTION

Plaintiff filed this case on June 17, 2015 on behalf of himself and all other similarly situated personal trainers and group exercise instructors ("Class Members") employed by Defendant in California since June 16, 2011. Plaintiff alleged that Defendant had consistent policies resulting in various wage and hour violations against class members as well as a failure to reimburse them for business expenses.[2,3] After engaging in extensive discovery efforts and hard-fought negotiations, the parties have agreed to the instant Settlement,[4] and Plaintiff now seeks preliminary approval.

As part of the Settlement, the parties agree that Plaintiff Flores will file a Second Amended Complaint ("2AC") adding Giulia Ferraris as an additional named plaintiff to bring a Private Attorneys General Act ("PAGA") claim on behalf of similarly situated Aggrieved Employees. The 2AC will also allege a claim under the Fair Labor Standards Act ("FLSA"). The filing of the 2AC is contingent upon the Court granting the instant motion.[5]

## II.    SUMMARY OF SETTLEMENT TERMS

Listed below are highlights of the Settlement:

- Defendant will pay $1,300,000 ("Gross Settlement Fund" or "GSF");
- The Net Settlement Fund ("NSF") will be calculated by deducting the following:
  - Court-approved award for attorneys' fees, up to 25% of the GSF;
  - Court-approved reimbursement of attorneys' actual costs, up to $20,000;
  - Enhancements Awards to the Class Representatives, $4,500 for Plaintiff Flores and $1,500 for Plaintiff Ferraris;
  - Payment for release of PAGA claims in the amount of $5,000;[6]
  - Costs of settlement administration, not expected to be more than $17,500.[7]

---

[2] Bainer Decl. ¶ 3.
[3] Bainer Decl. ¶ 4.
[4] A copy of the fully executed settlement agreement, entitled MediFit Corporate Services, Inc. "Wage and Hour" Class Action Settlement Agreement and Release of Claims ("Settlement"), is attached to the Declaration of Matthew R. Bainer, Esq. ("Bainer Decl."), filed concurrently herewith, as Exhibit "A." Unless otherwise noted, all exhibits cited herein are attached to the Bainer Decl.
[5] Bainer Decl. ¶ 9; Exhibit "A," Settlement ¶ 21.
[6] 75% of which will be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% back to the NSF Exhibit "A," Settlement ¶ 33.
[7] Exhibit "A," Settlement ¶ 17.

The *entire* Net Settlement Fund will be automatically paid to Settlement Class Members who do not opt out.[8] The parties have agreed that Scott Cole & Associates, APC ("SCA") will serve as Class Counsel[9] and Rust Consulting, Inc. will serve as Settlement Administrator. Any unapproved amount of attorneys' fees, costs, or settlement administration costs shall be awarded to a *cy pres* beneficiary.[10]

Each member of the California Class will be entitled to receive a pro rata portion of 95% of the NSF and each member of the FLSA class will be entitled to a pro rata portion of 5% of the NSF. Settlement awards will be calculated based upon the number of pay periods worked during the respective Settlement Periods, divided by the total number of pay periods worked by all Class Members during the respective Settlement Periods. The Settlement Administrator will calculate the number of pay periods worked by Class Members, the amount to be paid per pay period, and the Individual Settlement Share that each Settlement Class Member is eligible to receive.[11] Settlement checks will be valid for 180 days and any uncashed funds remaining thereafter will be tendered to a *cy pres* beneficiary.[12]

## III.    SEQUENCE OF EVENTS UNDER THE SETTLEMENT

The table below is the sequence of events as provided by the Settlement:

| Event | Estimated Execution Date |
|---|---|
| Preliminary Approval | June 8, 2016 |
| Defendant to provide Class Contact List to Rust | *Within 10 days of preliminary approval* |
| Rust to mail Class Notices ("Mail Date") | *Within 14 days of preliminary approval*[13] |
| Last day for Class Members to opt out/object | *Within 21 days of the Mail Date* |
| Class Counsel to submit Rust's declaration of due diligence[14] | *5 days prior to final approval hearing* |
| Final Approval | *To be determined by the Court* |

---

[8] Exhibit "A," Settlement ¶¶ 10-12.
[9] Exhibit "A," Settlement ¶ 3.
[10] Exhibit "A," Settlement ¶ 60.
[11] Exhibit "A," Settlement ¶ 33(c)-(d).
[12] Exhibit "A," Settlement ¶ 51.
[13] Exhibit "A," Settlement ¶¶ 39-40.
[14] Exhibit "A," Settlement ¶¶ 42-45.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

In the unlikely event that 10% or more of the Class Members opt out of the Settlement, Defendant has the right to rescind the Settlement, and the parties shall bear the costs of settlement administration equally.[15] The Effective Date is the date the Settlement is granted final approval and the Court's Judgment becomes final.[16] Defendant will fully fund the GSF within 20 days of the Effective Date.[17] The release of claims will be effective for the period of time from June 16, 2011 through the date of final approval or December 31, 2016, whichever occurs first.[18]

## IV.    THE SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL

At this preliminary approval stage, the Court is only to determine whether the proposed settlement is within the range of possible approval, and thus whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 234-35 (2001); *see also* 4 Newberg § 11:25. Courts balance several factors in determining this: the strength of plaintiff's case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining a class action through trial, the amount offered in settlement, the extent of discovery completed, the stage of the proceedings, and the experience and views of counsel. *Hanlon*, 150 F.3d at 1026; *In re Mego Financial Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). While making this fairness determination, courts need also give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Indeed, as "a settlement is the offspring of compromise," the question upon preliminary approval "is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* Accordingly, a court should not second guess the parties, or substitute its judgment for that of the proponents of the settlement, particularly when experienced counsel familiar with the litigation have reached settlement. *Hammon v. Berry*, 752 F. Supp. 108 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471 (S.D.N.Y. 1979). Here, as shown below, the proposed Settlement falls well within the range of reasonableness.

---

[15] Exhibit "A," Settlement ¶¶ 33(f), 59.
[16] Exhibit "A," Settlement ¶ 6.
[17] Exhibit "A," Settlement ¶ 33.
[18] Exhibit "A," Settlement ¶ 53.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## A.    THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL

The Settlement terms need be framed by the many factual and legal issues which would have needed to be determined had the parties not settled the case. There are many legal issues that Defendant contended would have substantially impacted the ability of Class Counsel to have a class certified or, once certified, to prevail at trial on liability issues. Class Counsel weighed the value of the case against the many risk factors, including:

- The uncertainty of class certification, including the possible result of <u>no recovery</u> whatsoever for the unnamed Class Members;

- Defendant's likely arguments that Plaintiff's claims are not typical of the Class and that he is an inadequate class representative;

- Defendant's likely argument that the expense reimbursement claims raise individualized issues, citing lack of documentation and variances in expenses;

- The relative lack of written evidence for the Class Members' missed meal and rest periods and uncompensated time spent performing pre- and post-session duties, other than their declarations;

- Even if the class certification is granted, the possibility that the Court would agree with Defendant's likely argument that employers need only make breaks available and have no obligation to ensure that breaks were actually taken. *See Brinker Restaurant Corp. v. Superior Court,* 53 Cal. 4th 1004 (2012);

- Defendant's likely argument that, even if found liable for unpaid wages, meal period violations and/or failure to pay overtime compensation, the Class lacked sufficient evidence to legally establish their damages;

- Defendant's likely argument that Plaintiff's estimate of the maximum damages is vastly overstated and does not comport with the *actual* damages suffered by Class Members;

- The possibility this Court might find that California Labor Code § 203 requires a "willful" failure to pay wages and the difficulties Plaintiff faces in establishing that "willful" factor;

- Defendant's likely argument that Plaintiff could not show that there was an "injury" entitling the Class to recovery under California Labor Code § 226; and

- The possibility that, as in any litigation, the Class could proceed all the way to trial and be victorious but still find themselves unable to actually enforce their ultimate judgment owing to Defendant's ultimate insolvency or other unforeseen intervening circumstances.[19]

As even the partial list above reveals, Plaintiff and his counsel could have faced rather significant hurdles in having the class certified, obtaining a class wide judgment, and, thereafter, collecting on that judgment. In contrast, the present Settlement provides for a *certain, immediate* payment to Class Members for the claims raised in the proposed 2AC.

---

[19] Bainer Decl. ¶ 21.

**B.    CLASS COUNSEL'S EFFORTS SUPPORT APPROVAL OF THE SETTLEMENT**

Prior to Settlement, SCA interviewed the Plaintiffs and reached out to Class Members about all aspects of their Fitness Instructor positions and learned about the job duties performed by the other Class Members.[20] This included information about Defendant's meal and rest break policies and its wage payment practices. Plaintiff's counsel also reviewed hundreds of documents reflecting Defendant's policies and procedures such as its employee handbook, wage payment records, policy and procedures documents, and communications to Class Members.[21] Through this formal and informal discovery exchange and Class Counsel's investigative efforts, Plaintiff obtained sufficient discovery to evaluate the propriety of class certification and likelihood of prevailing on the merits. These investigative and discovery efforts also apprised Class Counsel of the potential litigation risks facing Plaintiff and the Class Members.[22]

In February 2016, the parties attended a full-day mediation with Antonio Piazza, chosen due to his experience mediating wage & hour class actions. The parties only agreed to the final settlement terms after several months of further negotiations; on May 2, 2016, the Settlement was fully-executed.[23] The end result of this work is a Settlement Agreement which provides for a non-reversionary $1,300,000 GSF. This translates to a settlement value of approximately $6.99 per session for the estimated 912 Settlement Class Members who worked a total of 185,983 fitness sessions, an excellent result for the Class. Comparing this result to other class action settlements involving group fitness instructors and/or personal trainers' wage-and-hour claims further supports that this Settlement is indeed within the range of reasonableness for approval. *See, e.g., Fulton, et al. v. 24 Hour Fitness*, San Diego Superior Court, Case No. GIC 881669, Order Granting Final Approval (Feb. 17, 2012) (settlement value of $2.80 per session in class action settlement involving group fitness instructors' wage-and-hour claims);[24] *Levi v. The Equinox Group, Inc.,* San Mateo

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[20] Bainer Decl. ¶ 6.
[21] Bainer Decl. ¶ 14.
[22] Bainer Decl. ¶ 7.
[23] Bainer Decl. ¶ 8.
[24] Bainer Decl. ¶ 29.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Superior Court, Case No. CIV509606, Order Granting Final Approval (Sept. 10, 2013) (settlement value of $3.74 per session).

Class Counsel believes this Settlement is well within the range of reasonableness and is in the best interest of the Class Members, especially in light of all known facts, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.[25]

## C.    CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE BASIS IS APPROPRIATE UNDER RULE 23

Plaintiff respectfully requests the Court make appropriate findings and conditionally certify the following classes for purposes of settlement only (collectively "Settlement Class"):

California Class: All persons who worked in California for MediFit Corporate Services, Inc. at any point since June 16, 2011 as a group exercise instructor, personal trainer or swim instructor.

FLSA Class: All persons who worked in California for MediFit Corporate Services, Inc. at any point since June 16, 2012 as a group exercise instructor, personal trainer or swim instructor.

To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). The Settlement Class meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality, typicality, and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of common issues and superiority of the class action device.

### 1.    The Numerosity, Typicality, and Adequacy Elements of FRCP Rule 23(a) are Satisfied Here

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members be impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 384 (C.D. Cal. 2007). Here, the Settlement Class is clearly large enough to make joinder impracticable, as the Plaintiff Class is comprised of 1,071 members.[26]

The permissive standard of typicality focuses on the similarity between the legal theories of the proposed class representatives and the legal theories of class members whom they seek to

---

[25] Bainer Decl. ¶ 10.
[26] Bainer Decl. ¶ 18.

represent. *See Hanlon*, 150 F.3d at 1020; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. Wash. 2003).[27] In reviewing for typicality, the focus should be on the behavior of the defendants. *Day v. NLO*, 851 F. Supp. 869, 884 (S.D. Ohio 1994). Typicality is met here as the claims of the Settlement Class are based on the same legal and factual claims as those of Plaintiffs and where all of the alleged violations are predicated on Defendant's uniform class-wide policies and practices, as discussed above.

The adequacy requirement has two prongs: "(1) [t]hat the representative party's attorney be qualified, experienced, and generally able to conduct the litigation; and (2) that the suit not be collusive and the class representative's interests not be antagonistic to those of the remainder of the class. *See Hanlon*, 150 F.3d at 1020; *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001). As seen through its efforts in this case and in its past experience, Plaintiff's counsel is clearly qualified to conduct the litigation.[28] There is no antagonism between Plaintiff's interests and those of the Settlement Class. Plaintiff has litigated this case in good faith and the interests of Plaintiff are aligned with those of the Class Members as they all share a common interest in challenging Defendant's actions with regard to payment of wages, meal and rest breaks, and unreimbursed business expenses.[29]

## 2.    The Commonality Element of FRCP Rule 23(a) is Satisfied Here

Plaintiffs may satisfy the commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon,* 150 F.3d at 1019; *Staton v. Boeing Co.*, 327 F. 3d 938, 953 (9th Cir. Wash. 2003). The presence of merely one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven,* 190 F.R.D. at 655.

---

[27]  The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (the named plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").
[28]  Bainer Decl. ¶¶ 29-30; Exhibit "B," SCA's Professional Resume.
[29]  *See, generally,* Exhibit "C," Declaration of Francisco Flores ("Flores Decl."); Exhibit "D," Declaration of Giulia Ferraris ("Ferraris Decl.").

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The questions of law and fact common to the members of the Settlement Class include:

i. whether Defendant violated Labor Code §§ 201-204 by failing to pay all wages due and owed at the time certain Class Members' employment with Defendant terminated;

ii. whether the Representative Plaintiff and Class Members are entitled to "waiting time" penalties, pursuant to Labor Code §§ 203 and/or 204;

iii. whether Defendant violated Labor Code § 226 by failing to provide accurate semimonthly itemized wage statements to Class Members of the total hours worked and all applicable hourly rates in effect during each relevant pay period;

iv. whether Defendant violated Labor Code § 226.7 by failing to provide duty-free rest periods;

v. whether Defendant violated Labor Code § 512 by failing to provide meal periods;

vi. whether Defendant violated Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

vii. whether Defendant violated Labor Code § 1197 by failing to compensate Class Members for all hours worked at the applicable minimum wage;

viii. whether Defendant violated Labor Code § 2802 by failing to reimburse Class Members for validly incurred business expenses;

ix. whether Defendant violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices; and

x. Whether Defendant violated the FLSA by failing to pay overtime and/or minimum wages to Class Members who worked in excess of forty hours per week.

These common issues satisfy Rule 23(a)(2)'s requirements. *See, e.g., Hanlon*, 150 F. 3d at 1019 (shared legal issues with divergent factual predicates sufficient for class certification); *Gutierrez v. Kovacevich "5" Farms*, 2004 WL 3745224, at *5 (E.D. Cal. Dec. 2, 2004) (finding commonality satisfied where plaintiffs presented common questions of whether defendants failed to pay plaintiffs for all time worked).

### 3. The Requirements of FRCP Rule 23(b)(3) are Satisfied Here

The proposed Settlement Class in this case is sufficiently cohesive to warrant adjudication by representation. *See Hanlon*, 150 F. 3d at 1022. Plaintiff and the proposed Settlement Class Members seek unpaid wages and penalties for work performed and meal/rest breaks missed, as well as reimbursement of valid business expenses they incurred. Based on Plaintiff's allegations that Defendant's uniform policies are unlawful, liability could be determined on a class-wide basis, and would therefore not be dependent on individual assessments of liability. Furthermore, because the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    "predominance" factor concerns liability, any variation in damages is insufficient to defeat class

2    certification. *Blackie v. Barrack*, 524 F. 2d 891, 905-06 (9th Cir. 1975). Thus, the proposed

3    Settlement Class may be certified.

4        Likewise, it is clear that the class action device is "superior to other available methods for the

5    fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This allows all of the

6    Settlement Class members' claims to be fairly, adequately, and efficiently resolved to a degree that

7    no other mechanism or forum would provide. As in *Hanlon*, the alternative methods of resolution are

8    individual claims for a relatively small amount of damages. *See Hanlon,* 150 F. 3d at 1023. These

9    claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf

10   potential recovery." *Id*.

11       Finally, there are no issues of manageability that would preclude certification of the

12   Settlement Class. In this respect, a court faced with a request for a settlement-only class like this one

13   need not inquire whether the case would present intractable problems of trial management, but other

14   requirements under Rule 23 must still be satisfied. *See, e.g., Amchem Products v. Windsor*, 521 U.S.

15   591, 620 (1997). In any event, as discussed below, the proposed plan of distribution and settlement

16   process is efficient and manageable.

17

18   **V.    THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE
          PROCESS**

19       **A.    THE CLASS NOTICE SATISFIES DUE PROCESS AND MEETS ALL OF
                 THE ELEMENTS OF FRCP RULE 23(c)(2)(B)**
20

21       Rule 23(c)(2)(B) provides that class members must be given adequate notice as follows:

22   "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or

23   defenses; (iv) that a class member may enter an appearance through counsel if the member so

24   desires; (v) that the court will exclude from the class any member who requests exclusion; (vi), the

25   time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on

26   members under Rule 23(c)(3)." Courts have approved class notices even when they have provided

27   only general information about a settlement. *See, e.g., Mendoza v. United States*, 623 F. 2d 1338,

28   1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards); *In re*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

*Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only describe the terms of the settlement generally."). The content of the proposed class notice package herein fully complies with due process and Rule 23. The Class Notice provides all the information required by Rule 23(c)(2)(B), listed above, including instructions on how to challenge Defendant's records reflecting the number of pay periods those Class Members worked[30] and how to opt out of or object to the Settlement. Additionally, the Class Notice informs members that the Settlement amount will be used to compensate Class Counsel for the approved amount of costs and fees and the Class Representatives' approved Enhancement Awards.

**B.     THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE**

The Settlement contemplates that the Class Notice will be mailed individually by the Settlement Administrator to the last known address of Class Members as identified through Defendant's records.[31] The Settlement Administrator will perform a National Change of Address check before the initial mailing and will skip-trace any returned mail to attempt re-mailing within five calendar days after updated information is obtained.[32] Settlement Class Members will have twenty-one days from the date of mailing to submit opt-out requests or to object to the Settlement.[33] This is sufficient time to give Settlement Class Members the opportunity to comment on the Settlement. *Fulton v. TLC Lawn Care, Inc.*, 2012 U.S. Dist. LEXIS 68777, *16 (D. Kan. May 17, 2012); *see also Becherer v. Merrill Lynch, Pierce, Fenner & Smith*, 809 F. Supp. 1259, 1289 (E.D. Mich. 1992).

**VI.   PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL**

Rule 23(g) requires that courts consider the following factors when appointing class counsel: (1) whether counsel has investigated the class claims, (2) whether counsel is experienced in handling class actions and complex litigation, (3) whether counsel is knowledgeable regarding the applicable

---

[30] Exhibit "A," Settlement ¶ 49.
[31] Exhibit "A," Settlement ¶ 39.
[32] Exhibit "A," Settlement ¶ 41.
[33] Exhibit "A," Settlement ¶¶ 43, 45.

law, and (4) whether counsel will commit adequate resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, 2004 WL 2997526, *5 (D. Or. Dec. 16, 2004). As discussed above, it is clear from the record presented herein that SCA meets these requirements. Prior to Settlement, SCA performed a more than adequate investigation into the class claims. SCA then evaluated the strength of the case balanced against the risks and expertly negotiated for the Settlement presented here today. As revealed by SCA's resume, it is highly experienced and knowledgeable regarding complex wage & hour class actions like this one. Indeed, SCA has handled many fitness instructor class actions and successfully obtained certification of classes alleging nearly identical claims to those raised in this lawsuit.[34] SCA has fully committed its resources to representing the class in this case and will continue to do so whether or not the Settlement is approved. Accordingly, appointment of Plaintiffs' counsel as Class Counsel is appropriate.

## VII.    SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE

The final step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and arguments necessary to make its evaluation regarding the Settlement. *Manual for Complex Litigation*, Fourth § 21.63 at 447-50. Plaintiff requests that this Court set a date for a hearing on final approval at a time convenient for the Court, at least 90 days after preliminary approval.

## VIII.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting preliminary approval of the Settlement, conditionally certifying the Settlement Class, appointing SCA as Class Counsel, appointing Class Representatives, appointing the Settlement Administrator, approving the Class Notice, and setting a date for the Final Approval Hearing.

---

[34] Exhibit "B," SCA's Professional Resume.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Dated: May 4, 2016

2                                                 **SCOTT COLE & ASSOCIATES, APC**

3

4                                   By:    /s/ Matthew R. Bainer
                                          Matthew R. Bainer, Esq.
5                                         Attorneys for the Representative Plaintiff
                                          and the Plaintiff Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points & Authorities in Support of Plaintiff's Motion for Preliminary Settlement Approval
Case No. 3:15-cv-03423-WHO

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800