1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7   FRANCISCO FLORES,                          Case No. 15-cv-03423-WHO
              Plaintiff,
8                                              **ORDER GRANTING MOTION FOR**
           v.                                  **PRELIMINARY APPROVAL OF CLASS**
9                                              **ACTION SETTLEMENT**
10  MEDIFIT CORPORATE SERVICES, INC.,          Re: Dkt. No. 36
              Defendant.
11

12          The Court, having carefully considered the briefs, argument of counsel, and all matters

13  presented to the Court, and good cause appearing, hereby ORDERS THAT:

14          1.  The Court preliminarily approves the MediFit Corporate Services, Inc. "Wage and

15  Hour" Class Action Settlement Agreement and Release of Claims ("Settlement Agreement")

16  attached as Exhibit A to the Notice of Errata filed at Docket Number 37.  This is based on the

17  Court's determination that the Settlement is within the range of possible final approval.  Per the

18  parties' Joint Response to Court's Notes Regarding Hearing on Preliminary Approval of Class

19  Action Settlement and their representations at the preliminary approval hearing on July 20, 2016,

20  the Settlement Agreement is amended as follows (with additions <u>underlined</u> and deletions

21  ~~struckthrough~~):

22              a.  Paragraph 45 of the Settlement Agreement is amended to read:  Settlement Class

23  Members who <u>do not</u> opt-out may object to the settlement.  Settlement Class Members

24  who do ~~not~~ opt-out may not object to the settlement.  If ~~an opt-out~~ <u>a</u> Settlement Class

25  Member <u>who has not opted-out</u> wishes to object, he/she must do so within forty-five (45)

26  calendar days after the Class Notice is sent (or not more than twenty (20) calendar days

27  after the date the Class Notice is re-mailed, in the circumstance described above).

28  Objections to the Settlement must be submitted to the Court either by mailing them to the

1    Class Action Clerk, United States District Court for the Northern District of California,

2    Philip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue,

3    San Francisco, CA 94102, or by filing them in person at any location of the United States

4    District Court for the Northern District of California.  <u>A Settlement Class Member who has</u>

5    <u>not opted-out may also object by appearing at the final approval hearing, even if he or she</u>

6    <u>has not previously submitted a written objection.</u>

7         b.  Paragraph 46 of the Settlement Agreement is amended to read:  Objections must

8    describe why the objector believes the Settlement is unfair ~~and whether the objector~~

9    ~~intends to appear at the final approval hearing. Deficient or untimely objections shall not~~

10   ~~be considered. Class Members who fail to file and serve timely written objections in the~~

11   ~~manner specified above shall be deemed to have waived any objections and shall be~~

12   ~~foreclosed from making any objection (whether by appeal or otherwise) to the Settlement,~~

13   ~~unless otherwise ordered by the Court.~~ Class Counsel and Defendant's Counsel may, at

14   least ten (10) calendar days (or some other number of days as the Court shall specify)

15   before the Final Approval Hearing, file responses to any written objections.

16        c.  Paragraph 50 of the Settlement Agreement is amended to read:  No challenge

17   will be considered timely if it is postmarked more than the number of days set forth in the

18   preceding paragraph of this Settlement Agreement.  Absent an agreement between Class

19   Counsel and Defendant's Counsel regarding how to address the dispute, the Settlement

20   Administrator shall have authority to resolve the challenge and make a final and binding

21   determination without hearing or right of appeal.  Defendant agrees to provide the

22   Settlement Administrator with additional documents or other information associated with

23   the challenge, if such exists.  All disputes shall be resolved, either by agreement of Class

24   Counsel and Defendant's Counsel, or by decision of the Settlement Administrator as

25   provided herein, prior to submitting the Settlement Administrator's declaration to the

26   Court for final approval.  <u>Responses to challenges shall be made within fourteen (14) days</u>

27   <u>of receiving the challenge.</u>

28        d.  Paragraph 51 of the Settlement Agreement is amended to read:  Settlement

United States District Court
Northern District of California

2

United States District Court
Northern District of California

checks issued to the Class Representatives and Settlement Class Members shall remain valid for one-hundred and eighty (180) calendar days from the date of issuance.  This expiration or cancellation date shall be clearly printed on the front of the check ("Void Date").  If the Class Representatives or any Settlement Class Members do not cash their settlement payment check(s) before the Void Date, the funds represented thereby will be tendered to the cy pres beneficiaries, ~~to be selected by the parties,~~ (the Legal Aid Society – Employment Law Center, The Eagle Fund, and Stand by the Wounded) within five (5) days of the close of the 180 day period.  The Settlement Administrator will perform one skip trace on any undeliverable settlement check.  Settlement checks can be reissued to Settlement Class Members upon request within this 180 day period but any reissued checks shall have the same Void Date as the original settlement check.  Those Settlement Class Members who fail to cash their settlement checks will be deemed to have waived irrevocably any right in or claim to a settlement payment, but the Settlement Agreement and its waivers and releases shall remain binding upon them.

e.  Paragraph 52 of the Settlement Agreement is amended to read:  Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, the Settlement Class Members release Defendant, its current or former subsidiaries, affiliates, owners, parents, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, the successors of such plans, and those plans' respective current or former trustees and administrators, agents, employees, and fiduciaries ("Releasees"), of and from any and all claims, rights, demands, charges, complaint, causes of action, obligations or liability of any and every kind that ~~were, or could have been, asserted in any version of any complaint filed in the Action, or~~ are based on or arise out of the facts ~~or law~~ alleged in ~~any version of any complaint~~ the Second Amended Complaint filed in the Action, including those under any state and federal law for minimum wage and overtime, failure to provide meal breaks,

failure to authorize and permit rest breaks, failure to timely pay wages at termination, failure to pay a proper piece rate, failure to pay wages due, failure to reimburse necessary business expenses, failure to provide accurate and itemized wage statements, unfair business practices, and violations of the Labor Code Private Attorneys General Act of 2004.

2.  The Court conditionally certifies, for settlement purposes only, the proposed Plaintiff Classes, defined as follows:

> <u>California Class</u>: All persons who worked in California for Defendant, or its entity, MediFit Community Services, LLC, at any point since June 16, 2011 as a group exercise instructor, personal trainer, or swim instructor.

> <u>FLSA Class</u>: All persons who worked in California for Defendant, or its entity, MediFit Community Services, LLC, at any point since June 16, 2012 as a group exercise instructor, personal trainer, or swim instructor.

3.  The Court hereby conditionally certifies the proposed Plaintiff Classes contained therein and conditionally finds that, solely for the purposes of approving this settlement and for no other purpose and with no other effect on this litigation, the proposed Plaintiff Classes meet the requirements for certification under Federal Rules of Civil Procedure, Rules 23(a) and 23(b), including that: (a) the proposed classes are ascertainable and so numerous that joinder of all members of the classes is impractical; (b) there are predominant questions of law or fact common to the proposed classes, and there is a well-defined community of interest amongst the members of the proposed classes with respect to the subject matter of the litigation; (c) the claims of Representative Plaintiffs are typical of the claims of the members of the proposed classes; (d) Representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the classes; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Class Counsel is qualified to act as counsel for the Representative Plaintiffs in their individual and representative capacities.

4.  The Court provisionally finds Scott Cole & Associates, APC to be sufficiently experienced and proficient in class action proceedings that they may act as Class Counsel and are, therefore, appointed as such.

5.  The Court provisionally appoints Francisco Flores and Giulia Ferraris as the representatives of the Plaintiff Classes ("Representative Plaintiffs," "Class Representatives," or "Plaintiffs").

6.  The Court provisionally appoints Rust Consulting as the Settlement Administrator.

7.  The Court approves, as to form and content, the following: the Class Notice, attached as Exhibit A to this Order.  The Class Notice shall be disseminated to the Plaintiff Class Members in the manner set forth in the Settlement Agreement.

8.  The Court approves, as to form and content, the following: the Second Amended Complaint, attached as Exhibit B to this Order.  The Second Amended Complaint is deemed filed upon the entry of this Order.

9.  The final approval hearing shall be held on November 9, 2016, at 2 p.m., in Courtroom 2, 17th floor of this Court, to determine whether the proposed Settlement is fair, adequate, reasonable, and should be granted final approval.  At that time, the Court will also consider Plaintiff's application for attorneys' fees, costs, and expenses, and any application for Enhancement Awards to the Representative Plaintiffs.

10.  Any Plaintiff Class member may choose to opt-out of and be excluded from the Settlement Classes by following the instructions for requesting exclusion from the Settlement that are set forth in the Class Notice.  Any such person who chooses to op- out of and be excluded from the Settlement Classes will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Settlement Class members who have not requested exclusion shall be bound by the terms of the Settlement Agreement, including its Release, and the Court's Judgment.

11.  Any Class Member who has not opted-out may object to the Settlement in writing as set forth in the Class Notice, and may also appear at the final approval hearing to object or to express his or her views regarding the Settlement.  Class Counsel and Defendant's Counsel may, at least ten (10) calendar days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections.

12.  In the event that the Settlement does not become effective in accordance with the

United States District Court
Northern District of California

5

terms of the Settlement Agreement, or the Settlement is not finally approved, or is terminated, cancelled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert back to their respective positions as of before entering into the Settlement Agreement.

13.  The Court reserves the right to adjourn or continue the date of the final approval hearing and all dates provided for in the Settlement Agreement without further notice to Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED**.

Dated: July 22, 2016



WILLIAM H. ORRICK
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FLORES and GIULIA FERRARIS, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>MEDIFIT CORPORATE SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>     Defendant. | CASE NO. 3:15-cv-03423-WHO<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT APPROVAL HEARING** |

**To:**  **All persons who worked for MediFit Corporate Services, Inc., or its entity MediFit Community Services, LLC, as a group exercise instructor, personal trainer, or swim instructor in California at any point since June 16, 2011.**

**PLEASE READ THIS NOTICE CAREFULLY**
**YOU MAY BE ENTITLED TO COMPENSATION FROM THIS SETTLEMENT**

*This is a court approved notice. This is not an advertisement.*

**You are <u>NOT</u> being sued. However, your legal rights are affected whether you act or not.**

### I.  INTRODUCTION

You received this Notice because the records of MediFit Corporate Servies, Inc. and/or MediFit Community Services, LLC (hereafter "MediFit") show that you were employed by MediFit as a group exercise instructor, personal trainer, or swim instructor in California at some time during the period of June 16, 2011 to _____ (the "Class Period"). All individuals who fall within that description are considered "Class Members" under the terms of this Notice.

We are providing this Notice to make you aware that a proposed class action settlement (the "Settlement") of the above-captioned lawsuit (the "Action") pending in the United States District Court, Northern District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action. A final settlement hearing will be held on _____, 2016 at _____ _.m. to determine whether the Settlement should be granted final approval.

MediFit's records indicate that you are a Class Member and might be entitled to compensation under the Settlement. The Settlement affects your legal rights unless you ask to be excluded from the Action, also known as "opting out" of the Settlement. The purpose of this Notice is to: (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement. The Court file has the full settlement documents with more information on the lawsuit. MediFit will not fire, punish, retaliate, or otherwise discriminate against any employee because he or she chooses to or does not choose to participate in this Settlement, or objects to the Settlement.

### II.  SUMMARY OF THE ACTION

Plaintiffs Francisco Flores and Giulia Ferraris ("Plaintiffs") allege in their Complaint that, during the Class Period, MediFit required Class Members to work off-the-clock, failed to provide meal and rest breaks, failed to provide accurate itemized wage statements, failed to reimburse expenses, and failed to pay wages timely upon Class Members' terminations. Plaintiffs allege that these violations resulted in underpayment of wages to Class Members. Plaintiffs seek to maintain a class action for their claims on behalf of themselves and all persons who have been employed or are currently employed within the Class Period as a MediFit group exercise instructor, personal trainer, or swim instructor. Plaintiffs seek damages and civil penalties related to these claims under California law and the federal Fair Labor Standards Act ("FLSA").

MediFit denies any liability or wrongdoing of any kind in connection with Plaintiffs' claims, and contends that Class Members are and were provided with meal and rest breaks as required by California law, that Class Members are and have

1



28145761v.1

been provided with itemized wage statements that comply with California law, that Class Members were not denied reimbursement of expenses, and that Class Members are and were properly compensated for all time worked and upon termination. Consequently, MediFit does not believe that any liability to Plaintiffs or Class Members exists, or that Plaintiffs or Class Members are entitled to any recovery.

The Court granted preliminary approval of the Settlement on [*date of preliminary approval*] on behalf of the following settlement classes defined as:

> **California Class: All persons who worked in California for MediFit at any point since June 16, 2011 as a group exercise instructor, personal trainer, or swim instructor.**

> **FLSA Class: All persons who worked in California for MediFit at any point since June 16, 2012 as a group exercise instructor, personal trainer, or swim instructor.**

The Court also preliminarily approved Plaintiffs Francisco Flores and Giulia Ferraris to serve as Class Representatives, and the law firm Scott Cole & Associates, APC to serve as Class Counsel.

The Court also scheduled a Final Approval Hearing on the Settlement at ____ _.m. on _____, 2016, in Courtroom 2 on the 17th Floor at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, at which time the Court will decide whether to grant final approval of the Settlement.

## III.   SUMMARY OF SETTLEMENT TERMS

<u>Settlement Amount</u>. MediFit has agreed to pay $1,300,000 (the "Gross Settlement Fund") to fully resolve this Action and obtain a release of claims as described below. From this Gross Settlement Fund, the following sums will be deducted if approved by the court:

- <u>Settlement Administration.</u> $20,500 to the Settlement Administrator, Rust Consulting, for the expense of notifying the Class Members of the Settlement, processing opt-outs submitted by Class Members, and distributing Settlement Payments.

- <u>Attorneys' Fees and Expenses.</u> Class Counsel's attorneys' fees not to exceed 25% of the Gross Settlement Fund ($325,000) for the work Class Counsel performed in this Action, and for work to be performed through settlement finalization and Class Counsel's litigation expenses, not to exceed $20,000.

- <u>Enhancement Awards to Representative Plaintiffs.</u> Enhancement Awards not to exceed $4,500 to Plaintiff Flores and $1,500 Plaintiff Ferraris to compensate them for their service on behalf of the Class in initiating and prosecuting the action. These payments are in addition to whatever payments Plaintiffs are otherwise entitled to receive as Class Members.

- <u>Payment to the LWDA</u>. $5,000 to the California Labor and Workforce Development Agency ("LWDA") for settlement of claims brought under the Private Attorneys General Act ("PAGA"). The payment to the LWDA represents seventy-five percent (75%) of the total PAGA payment of $3,750. The other twenty-five percent (25%) of the total PAGA payment, or $1,250, shall be added to the Net Settlement Fund and distributed among Class Members as discussed below.

<u>Calculation of Class Member Awards.</u> Each Class Member will be eligible to receive a gross (pre-tax) share of the Net Settlement Fund (*i.e.*, the Gross Settlement Fund, minus approved Class Counsel fees and litigation costs, all settlement administration expenses, the Enhancement Awards, and payment to the LWDA). The share distributed to each Class Member is referred to as the "Individual Settlement Share" and will be calculated as follows:

1.   Ninety-five percent of the Net Settlement Fund will be allocated to settle the claims of the California Class, with the remaining five percent being allocated to settle the claims of the FLSA Class.

2.   Both the California and FLSA portions of the Net Settlement Amount will be divided by the total number

2



of pay periods worked by all California or FLSA Class Members during either the California or FLSA Settlement Periods.

    **3.**    To calculate the Individual Settlement Share for each Class Member, the amount to be paid per pay period will be multiplied by the total number of pay periods that each Class Member worked during the respective Settlement Periods.

<u>Tax Withholding</u>. Thirty-three percent of each Individual Settlement Share is treated as wages that are subject to the normal payroll taxes and withholdings and W-2 reporting. Thirty-three percent will be considered interest and the remaining thirty-four percent will be considered penalties. The interest and penalties are <u>not</u> subject to payroll taxes, but are subject to IRS Form 1099 reporting. Aside from any payroll taxes for which MediFit is responsible, any and all tax obligations arising from any payments to Class Member will be the sole responsibility of the individual receiving such payment(s).

<u>Releases</u>. Upon Final Approval of the Settlement, each Class Member shall be deemed to have fully, finally, and forever released the Releasees, as defined in the Settlement, from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that are based on or arise out of the facts alleged in the Second Amended Complaint filed in the Action, including those under any state and federal law for minimum wage and overtime, failure to provide meal breaks, failure to authorize and permit rest breaks, failure to timely pay wages at termination, failure to pay a proper piece rate, failure to pay wages due, failure to reimburse necessary business expenses, failure to provide accurate and itemized wage statements, unfair business practices, and violations of the Labor Code Private Attorneys General Act of 2004, which arose between June 16, 2011 and the date the Court grants final approval to the Settlement or December 31, 2016, whichever is sooner.

All Class Members shall be bound by this release unless they opt-out of the Settlement. However, only those Class Members who cash their settlement checks will be bound by the release of FLSA claims.

<u>Conditions of Settlement</u>. This Settlement is conditioned upon the Court entering an Order after the Final Approval Hearing finally approving the Settlement.

## IV.   COMPENSATION INFORMATION

MediFit's records indicate that you worked at one or more of its California locations from_____ to _____.

MediFit's records indicate that you worked a total of _____ pay periods during this time frame. Accordingly, your **estimated** Individual Settlement Share (<u>before</u> taxes and withholdings) is roughly $_____.

If you wish to challenge the accuracy of the above information, you must send a written, signed challenge along with supporting documents to the Settlement Administrator at the address given in Section IX below, via First Class Mail, postmarked no later than _____. Absent an agreement between Class Counsel and MediFit's Counsel regarding how to address the dispute, the Settlement Administrator shall have authority to resolve the challenge and make a final and binding determination without hearing or right of appeal.

**Please note:** The above amount *is an estimate only* and will change if the fees and costs awards are different than estimated (as described in Section III, above). All Settlement Awards are subject to tax withholdings and reporting to the IRS and state tax authorities. You will receive a W-2 for the wages and IRS Form 1099-MISC for interest and penalties.

Settlement checks shall remain valid for 180 days from the date of issuance. If you do not cash your settlement payment check within this time period, or if your check is returned as undeliverable, your settlement check will be voided and a stop payment will be placed on it. Settlement checks can be reissued to Class Members upon request within this 180-day period, but any reissued checks shall have the same Void Date as the original settlement check. If you fail to cash your settlement check, or if your check is returned as undeliverable, the funds will be tendered to a charity selected by the parties, but the Settlement Agreement shall remain binding upon you.



## V.   RIGHT TO OPT OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive no compensation from the Settlement, and you will not be bound by its terms**. To opt out, you must submit a signed, written request by first-class U.S. mail to the Settlement Administrator at the address below, postmarked no later than _____, 2016. The request to opt out must contain your full name and the last four digits of your Social Security Number, and must state in substance the following:

> "I have read the Class Notice and I wish to opt-out of the class action and do not wish to participate in the settlement of the case *Flores, et al. v. MediFit Corporate Services, Inc.*"

## VI.   RIGHT TO OBJECT

If you are a Class Member, and you do not exclude yourself from the Settlement Class (opt out), you may object to the settlement before final approval of the settlement by the Court.

You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

You may object to the proposed settlement in writing.  You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Flores, et al. v. MediFit Corporate Services, Inc.*, Case Number 3:15-cv-03423-WHO), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, located at the Philip Burton Federal Building & United States Court House, 450 Golden Gate Avenue, San Francisco, California, or by filing them in person at any location of the United states District Court for the Northern District of California, and (c) be filed or postmarked on or before _____.

If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not submit an objection in the manner described above shall have waived any objection to the Settlement. If the court enters an order finally approving the settlement, you will be bound by its terms even if you submit an objection.

## VII.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _____ _.m. on _____, 2016 in Courtroom 2, 17th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California.  This hearing date may change without further notice to the Settlement Class.  Class Members should check the settlement website at www._____.com, or the Court's PACER site (described in section IX, below), to confirm that the date has not changed. **You are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## VIII.   ADDITIONAL INFORMATION

This Notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the Settlement Agreement and the Court's Order Granting Preliminary Approval ("Court's Order"), available at www._____.com.  The Court's Order contains the precise terms of the release of class members' claims, as stated in this Notice.  The release of class members' claims in the Settlement Agreement contains different language from the release of class members' claims in the Court's Order and this Notice.  The language in the Court's Order and this Notice is the controlling language for the release of class members' claims.  You will also find other documents related to this matter at the website listed above, including the Second Amended Complaint.

You may also obtain additional information regarding the settlement by contacting Class Counsel at the address provided below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.
Class Counsel may be contacted at:

4



Questions? _____. toll free at 1-***-***-****
[ADDRESS]
www._____.com

Scott Edward Cole, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
510-891-9800

You may also contact the Settlement Administrator at:

[ADD]

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.   PLEASE DO NOT CONTACT COUNSEL FOR DEFENDANT.**



# Exhibit B

1  Scott Edward Cole, Esq. (S.B. # 160744)
   Jeremy A. Graham, Esq. (S.B. # 234166)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   Email: scole@scalaw.com
5  Email: jgraham@scalaw.com
   Web:  www.scalaw.com
6
   Attorneys for Representative Plaintiffs
7  And the Plaintiff Class

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  FRANCISCO FLORES and GIULIA          )   **Case No. 3:15-cv-03423-WHO**
    FERRARIS, individually, and on        )
12  behalf of all others similarly situated, )   **CLASS ACTION**
                                          )
13              Plaintiffs,               )   **SECOND AMENDED COMPLAINT FOR**
                                          )   **DAMAGES, INJUNCTIVE RELIEF, AND**
14  vs.                                   )   **RESTITUTION**
                                          )
15  MEDIFIT CORPORATE SERVICES,           )
    INC., and DOES 1 through 100,          )   **[Jury Trial Demanded]**
16  inclusive,                            )
                                          )
17              Defendants.               )

18

19  Representative Plaintiffs allege as follows:

20

21                **PRELIMINARY STATEMENT**

22       1.      This is a class action, under Federal Rule of Civil Procedure 23, seeking unpaid

23  wages (including overtime wages), and interest thereon, reimbursement of business expenses,

24  rest and meal period penalties, waiting time penalties, liquidated damages and other penalties,

25  injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*,

26  Title 8 of the California Code of Regulations, California Labor Code §§ 200-204, inclusive, 221,

27  223, 226, 226.7, 400-410, 510, 512, 1174, 1194, 1194.2, 1197 and 2802, California Business and

28  Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. The

*(left margin, vertical text)* SCOTT COLE & ASSOCIATES, APC / ATTORNEYS AT LAW / THE WACHOVIA TOWER / 1970 BROADWAY, NINTH FLOOR / OAKLAND, CA 94612 / TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly

2  situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are, or

3  have been, employed by defendant MediFit Corporate Services, Inc. ("MediFit" and/or

4  "Defendant") as non-exempt Personal Trainers, Group Fitness Instructors (also referred to as

5  Group Exercise Instructors) and Swim Instructors (collectively "Fitness Instructors") within the

6  applicable statutory period. The Representative Plaintiffs, on behalf of themselves and the Class

7  Members, also seek injunctive relief and restitution of all benefits Defendant has enjoyed from

8  its unfair, unlawful and/or fraudulent business practices under Business and Professions Code §§

9  17200-17208.

10     2.     The "Class Period" is designated as the time from June 16, 2011 through the trial

11  date, based upon the allegation that the violations of California's wage and hour laws, as

12  described more fully below, have been ongoing since that time. During the Class period,

13  Defendant has had a consistent policy of, *inter alia*, (1) permitting, encouraging, and/or requiring

14  its Fitness Instructors to work "off-the-clock," without compensation therefore, (2) permitting,

15  encouraging, and/or requiring its Fitness Instructors to perform reported hours of work without

16  compensation therefore, (3) failing to reimburse its Fitness Instructors for business expenses

17  related to the operations of Defendant, (4) willfully failing to pay compensation (including

18  unpaid overtime) in a prompt and timely manner to the Representative Plaintiffs and/or those

19  Class Members whose employment with Defendant terminated, (5) willfully failing to provide

20  the Representative Plaintiffs and Class Members with accurate semi-monthly itemized wage

21  statements of the total number of hours each of them worked and the applicable deductions

22  during each pay period, and (6) willfully failing to provide meal periods and/or rest periods to

23  Representative Plaintiffs and/or Class Members.

24

25                          **INTRODUCTION**

26     3.     Nearly a hundred years ago, California enacted its first daily overtime law,

27  thereby setting California's first workday standard, long before the federal government enacted

28  overtime protections for workers.

4.      According to findings of the California Legislature, numerous studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

5.      Defendant provides on-site health and fitness services to its clients which include corporations, medical fitness centers, and commercial fitness clubs. Within the Class Period, Defendant has provided its services to numerous clients throughout California. In so doing, Defendant has employed hundreds, if not thousands, of individuals in recent years alone as Fitness Instructors, non-overtime-exempt employees who are entitled to, *inter alia*, be paid for all hours worked, at their regular rate of pay, to full and uninterrupted meal and rest periods, to be reimbursed for all business expenses related to MediFit's operations, and to be paid said wages and reimbursed for said business-related expenses in a timely manner.

6.      Defendant's Fitness Instructors are responsible for facilitating MediFit's clients' health and fitness goals through the instruction of various class formats and personal training sessions.

7.      Group Fitness Instructors are responsible for facilitating group exercise sessions or classes with Defendant's members. Group Fitness Instructors often teach several classes a day, and are responsible for performing additional pre- and post-session duties such as, *inter alia*, auditioning/trying-out to facilitate classes, completing paperwork, attending staff meetings, soliciting clients, preparing rooms for classes, putting away equipment and cleaning rooms after classes, meeting with members before and after classes, meeting with other employees, and a host of other activities required for the performance of their positions with and for the benefit of Defendant.

8.      Personal Trainers are responsible for facilitating individual training sessions with Defendant's members, specifically tailored to address the individual member's personal fitness goals. Personal Trainers often hold several sessions a day, and are responsible for performing additional pre- and post-session duties such as, *inter alia*, completing paperwork, attending staff meetings, soliciting clients, setting up for training sessions, putting away equipment, scheduling

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Second Amended Complaint for Damages, Injunctive Relief, and Restitution
28022281v.1

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   training sessions, meeting with clients before and after sessions, meeting with other employees,

2   and a host of other activities required for the performance of their positions with and for the

3   benefit of Defendant.

4          9.      Swim Instructors are responsible for facilitating swimming lessons/instruction

5   with Defendant's members. Swim Instructors often hold several sessions per day, and are

6   responsible for performing additional pre- and post-session duties such as, *inter alia*, completing

7   booking clients, rehearsing routines, interacting with members before and after classes, and a

8   host of other activities required for the performance of their positions with and for the benefit of

9   Defendant.

10         10.     Notwithstanding the foregoing, no matter how many hours are spent by Fitness

11  Instructors performing tasks for the benefit of this employer, Fitness Instructors are paid only a

12  set base rate and on a piece-rate format for each class or session they instruct or facilitate.

13         11.     Moreover, the Representative Plaintiffs are informed and believe and, based

14  thereon, allege that MediFit knew and/or should have known that its Fitness Instructors are and,

15  at all times during the Class Period, were performing work off-premises (e.g., at home, at

16  continuing education/training programs, etc.), including, *inter alia*, attending continuing

17  education classes and training programs, researching and preparing customized workout plans

18  for individual clients, planning out classes, corresponding with clients and other employees, and

19  a host of other activities for which Class Members were not being compensated. Further, the

20  Representative Plaintiffs are informed and believe and, based thereon, allege that MediFit knew

21  and/or should have known that its Fitness Instructors are and, at all times during the Class

22  Period, were incurring business-related expenses for which they were not being reimbursed by

23  Defendant.

24         12.     Despite actual knowledge of these facts and legal mandates, Defendant has

25  enjoyed an advantage over its competition and has disadvantaged its workers by electing not to

26  pay all wages due, electing not to provide reimbursement of business-related expenses to its

27  Fitness Instructors, and by failing to offer all required meal and rest periods.

28

13.     The Representative Plaintiffs are informed and believe and, based thereon, allege that officers of MediFit knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

14.     Despite Medifit's knowledge of the Class' entitlement to wages for all hours worked and expense reimbursements for all applicable work periods, MediFit failed and continues to fail to provide the same thereto in willful violation of California state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the Representative Plaintiffs' and Class Members' claims for unpaid wages, expenses and/or penalties under, *inter alia*, Title 8 of the California Code of Regulations, California Labor Code §§ 200-204, inclusive, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, California Business and Professions Code §§ 17200, *et seq*. and California Code of Civil Procedure § 1021.5.

16.     This Court has further jurisdiction over the Representative Plaintiffs' and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful and/or fraudulent business practices under Business & Professions Code §§ 17203 and 17204.

17.     Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). Defendant transacts business in the County of San Mateo, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within the State of California and within San Mateo County. Defendant offers its services and has employed numerous Class Members in San Mateo County, as well as in other counties within the State of California.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**PLAINTIFFS**

18.     Representative Plaintiff Francisco Flores is a natural person and was, from approximately April 2010 through September 2013, during the relevant time period identified herein, employed by MediFit Corporate Services, Inc. as a non-exempt employee at the San Mateo Athletic Club at the College of San Mateo, located in San Mateo, California, as a Fitness Instructor. Representative Plaintiff Flores facilitated personal training sessions and several different classes for Defendant during the Class Period, including yoga, pilates, step, body conditioning, spinning, and kickboxing.

19.     Representative Plaintiff Giulia Ferraris is a natural person and was, from approximately November 2011 through the present, during the relevant time period identified herein, employed by MediFit Corporate Services, Inc. as a non-exempt employee at the San Mateo Athletic Club, as a Swim Instructor. Representative Plaintiff Ferraris provided swim lessons/instruction to Defendant's members.

20.     As Fitness Instructors employed by Defendant, the Representative Plaintiffs were repeatedly paid a substandard wage insofar as they were denied full pay for all hours worked for work performance as a Fitness Instructor and reimbursement for expenses made on behalf of Defendant. The Representative Plaintiffs are informed and believe, and based thereon, allege that this conduct of MediFit is/was commonplace at every location where Defendant's services were offered and/or provided.

21.     As used throughout this Complaint, the terms "Class Members" and/or the "Plaintiff Class" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Class, as further described and defined herein.

**DEFENDANT**

22.     At all times herein relevant, defendant MediFit Corporate Services, Inc. was, and is, a corporation doing business within this judicial district and elsewhere across the State of California.

23.     The Representative Plaintiffs are informed and believe and, on that basis, allege that Defendant has, and does, directly and/or indirectly, employed and/or exercised control over

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

the wages, hours and working conditions of the Representative Plaintiffs and members of the Class.

24.     Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each of the remaining defendants. The Representative Plaintiffs are informed and believe and, on that basis allege that, at all relevant times herein mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed and/or exercised control over the wages, hours and/or working conditions of the Representative Plaintiffs and Class Members at various California locations, as identified in the preceding paragraph.

25.     The Representative Plaintiffs are unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sue these defendants by such fictitious names. The Representative Plaintiffs will seek leave of Court to amend this Complaint when the same are ascertained. The Representative Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named defendants is responsible in some manner for, gave consent to, ratified and/or authorized the conduct herein alleged and that the Representative Plaintiffs' and Class Members' damages, as herein alleged, were proximately caused thereby.

26.     The Representative Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

27.     The Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by MediFit's conduct, as set forth in this Complaint, including, but not necessarily limited to, the following plaintiff class:

California Class: All persons employed by MediFit Corporate Services, Inc., or its entity MediFit Community Services, LLC, in the State of California as non-exempt group fitness instructors, personal trainers or swim instructors at any time on or after June 16, 2011.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

<blockquote>
<u>FLSA Class:</u> All persons employed by MediFit Corporate Services, Inc., or its entity MediFit Community Services, LLC, in the State of California as non-exempt group fitness instructors, personal trainers or swim instructors at any time on or after June 16, 2012.
</blockquote>

28.    Defendant, its officers, and directors are excluded from the class.

29.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

      a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds hundreds of individuals. Membership in the Plaintiff Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

              <u>Commonality</u>: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. These common questions include, but are not necessarily limited to:

              1)    Whether Defendant violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200, *et seq.* by failing to pay all wages due to its Fitness Instructors;

              2)    Whether Defendant violated California Labor Code §§ 400-410 and/or § 2802 by requiring its Fitness Instructors to pay all or a portion of the normal business expenses of Defendant;

              3)    Whether Defendant violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of its Fitness Instructors' hours of work;

              4)    Whether Defendant violated, and continues to violate California Labor Code §§ 201-203 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendant terminated;

              5)    Whether Defendant violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

6)    Whether Defendant violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to Representative Plaintiffs and the Class Members.

b.    <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Class. The Representative Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by MediFit's common course of conduct in violation of state law, as alleged herein.

c.    <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

d.    <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Class, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Class and the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the class as a whole. The Representative Plaintiffs anticipate no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

30.    As described herein, MediFit has, for years, knowingly failed to adequately compensate those Fitness Instructors within the class definition identified above for wages due, including minimum wage and overtime, under California Labor Code §§ 200, *et seq.* and applicable California Wage Orders, thereby enjoying a significant competitive edge over other companies within its industry.

31.    Moreover, Defendant has failed to provide the Plaintiff Class with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding

five hours. Defendant did not compensate the Representative Plaintiffs, as Fitness Instructors entitled to statutorily-mandated meal and rest periods, for any missed or interrupted meal or rest periods. Representative Plaintiffs are informed and believe and, on that basis, allege that Defendant also did not compensate Class Members, Fitness Instructors entitled to statutorily-mandated meal and rest periods, for missed or interrupted meal or rest periods.

32.     Even upon the termination or resignation of the employment of Representative Plaintiffs and numerous other Class Members during the Class Period, MediFit declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

33.     Moreover, according to Defendant's policies, Representative Plaintiffs and Class Members were required to incur business expenses related to the operations of Defendant.

34.     Moreover, California Labor Code §§ 201 and 202 require MediFit to pay all wages due to members of the Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

35.     Furthermore, despite its knowledge of the Representative Plaintiffs' and the Class Members' entitlement to pay for all work performed, MediFit violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the Class that reflect all hours worked thereby. The time records Defendant maintained during the Class did not accurately reflect all hours actually worked by the Representative Plaintiffs and the Class Members.

36.     Finally, MediFit failed to provide Representative Plaintiffs and members of the Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (the full number of hours worked) and the financial impact of its wrongdoing.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

37.     Representative Plaintiffs and all persons similarly situated who comprise the Class are entitled to unpaid compensation, yet, to date, have not received such compensation, despite the severance of their employment with MediFit.

38.     More than 30 days have passed since certain Class Members, the Representative Plaintiffs included, have left MediFit's employ.

39.     As a consequence of MediFit's willful conduct in not paying compensation for all hours worked, certain Class Members are entitled to 30 days wages as a penalty, pursuant to California Labor Code § 203, together with attorneys' fees and costs.

40.     As a direct and proximate result of MediFit's unlawful conduct, as set forth herein, Representative Plaintiffs and members of the Class identified herein have sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendant, missed meal periods, and missed rest periods,  in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and many Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members are entitled to recover attorneys' fees and costs, pursuant to the California Labor Code and/or California Civil Code § 1021.5, among other authorities.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY WAGES**
**(Labor Code §§ 200 *et seq.*, 510, 1194 and 1198)**

41.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42.     During the Class Period, Representative Plaintiffs and the Class Members frequently worked in excess of eight hours in a workday and/or forty hours in a workweek. For

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  example, Representative Plaintiff Flores estimates that he worked approximately 14 hours of

2  overtime per week as a Fitness Instructor for Defendant during the Class Period. Similarly,

3  Representative Plaintiff Ferraris estimates that she worked approximately 2-3 hours per week

4  off-the-clock without compensation. The precise number of overtime/uncompensated hours will

5  be proven at trial.

6        43.  During said time period, MediFit refused to compensate Representative Plaintiffs

7  and the Class Members for some and/or all of the wages (including overtime wages) earned, in

8  violation of the applicable California Wage Order, Title 8 of the California Code of Regulations

9  and the provisions of the California Labor Code. Despite working in excess of eight hours in a

10  workday and over forty hours in a workweek on numerous occasions, Representative Plaintiffs

11  were not provided overtime wages by Defendant. Representative Plaintiffs are informed and

12  believe and, on that basis, allege that Defendant consistently fails to provide overtime wages to

13  Class Members.

14        44.  At all relevant times, MediFit was aware of, and was under a duty to comply with

15  the wage and overtime provisions of the California Labor Code, including, but not limited to

16  California Labor Code §§ 200, *et seq.*, 510, 1194 and 1198.

17        45.  By refusing to properly compensate Representative Plaintiffs and the Class

18  Members for wages earned (either at these Class Members' regular rate of pay and/or at their

19  applicable overtime rates) and/or at a level sufficient to satisfy California's minimum wage

20  provisions, MediFit violated the California Labor Code, as well as Title 8 of the California Code

21  of Regulations and the applicable IWC Wage Order.

22        46.  As a direct and proximate result of Defendant's unlawful conduct, as set forth

23  herein, Representative Plaintiffs and the Class Members have sustained damages, including loss

24  of earnings for hours worked, including overtime hours worked, on behalf of Defendant, in an

25  amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SECOND CAUSE OF ACTION**
**FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
(California Labor Code §§ 406 and 2802)

47.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

48.     During the Class Period, MediFit required the Representative Plaintiffs and members of the Class to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, costs related to travel, continuing education and/or fitness certification, licenses, materials, and equipment used in exercise instruction sessions. For example, Representative Plaintiffs were required by Defendant to obtain certifications and continuing education credits, including, *inter alia*, group fitness instructor certification, personal trainer certification, class certifications, and various continuing education credits for work performance as Fitness Instructors. These certifications and credits were obtained through classes, courses, and programs paid for by Representative Plaintiffs. In order to obtain these certifications and credits, Representative Plaintiffs traveled to classes and conventions, on their own expense. Representative Plaintiffs were also required to provide, and pay for, music for the classes and sessions they facilitated for Defendant as Fitness Instructors, as well as various other equipment.

49.     These expenditures were incurred in direct consequence of the discharge of the duties of Representative Plaintiffs and members of the Class, or of their obedience to the directions of the employer and have not yet been reimbursed by Defendant.

50.     At all relevant times, MediFit was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

51.     California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

52.     California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

53.     By requiring the Representative Plaintiffs and members of the Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiffs and members of the Class were forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

54.     California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

55.     Therefore, Representative Plaintiffs demand reimbursement for expenditures or losses incurred by themselves and other members of the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
#### (California Labor Code §§ 226.7 and 512)

56.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

57.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

58.     California Labor Code §226.7 provides:

> (a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

(b)   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

59.   Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60.   By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Representative Plaintiffs and Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

61.   Section 11 of the applicable Wage Order provides:

a.   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes ....

b.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

c.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

62.   Moreover, Section 12 of the applicable Wage Order provides:

a.   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

63.     Defendant consistently failed to provide Representative Plaintiffs and Class Members with meal and rest periods compliant to the relevant laws described above. Representative Plaintiffs consistently did not receive compliant meal and rest periods during the Class Period. Representative Plaintiffs believe, and therefore allege, that the other Class Members share a similar experience. By failing to consistently (1) provide meal periods within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Representative Plaintiffs and Class Members, Defendant violated the California Labor Code and §§ 11 and 12 of the applicable IWC Wage Order.

64.     Even where Defendant's records specifically evidence that no meal and/or rest periods were provided to Representative Plaintiffs and Class Members, Defendant refuses to provide these employees with one hour of compensation for these respective violations as mandated by California law. Specifically, Defendant never paid the one hour of compensation for failing to provide meal and rest periods compliant to the relevant laws described above to the Representative Plaintiffs as Fitness Instructors entitled to compliant meal and rest periods. Further, Representative Plaintiffs are informed and believe and, on that basis, allege that Defendant has never paid the one hour of compensation to any Class Member for failing to provide them with meal and rest periods compliant to the relevant laws described above that they are entitled to as Fitness Instructors.

65.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

66.   Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.   California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

68.   The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code Regs. § 11010, *et seq*.).

69.   Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees

70.   Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

71.   Representative Plaintiffs seek to recover actual damages, costs and attorneys' fees under these provisions on behalf of themselves and the Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

72.     MediFit failed to provide timely, accurate itemized wage statements to Representative Plaintiffs and the Class in accordance with Labor Code § 226(a) and the applicable IWC Wage Order. Because Defendant failed to provide Representative Plaintiffs and Class Members with wages for all hours worked, including overtime wages, and meal and rest period penalty payments, improperly accounted the hours Representative Plaintiffs and Class Members performed work for Defendant as Fitness Instructors, and also failed to reimburse them for business expenses, none of the statements provided by Defendant have accurately and/or completely reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

73.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and the Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

74.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

75.     California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

76.     Representative Plaintiff Flores was employed by MediFit during the Class Period, employment which was thereafter severed, on or about September 2013, yet has still not yet been paid all wages due for work performed for Defendant as a Fitness Instructor. Likewise, numerous Class Members were employed by MediFit during the Class Period, employment which was thereafter voluntarily or involuntarily severed, yet were not paid all wages due immediately upon the involuntary termination or within seventy-two hours of the voluntary termination of their

1  respective employment positions with Defendant. Said non-payment and/or untimely payment

2  was the direct and proximate result of a willful refusal to do so by MediFit.

3      77.    More than thirty days has elapsed since Representative Plaintiffs and particular

4  Class Members were terminated and/or resigned from Defendant's employ.

5      78.    As a direct and proximate result of Defendant's willful conduct in failing to pay

6  said Class Members for all hours worked, Representative Plaintiffs and certain Class Members

7  are entitled to recover "waiting time" penalties of thirty days' wages, pursuant to California

8  Labor Code § 203, in an amount to be established at trial, together with attorneys' fees and costs.

9

10                      **SIXTH CAUSE OF ACTION**
                  **UNFAIR BUSINESS PRACTICES**

11     **(California Business & Professions Code §§ 17200-17208)**

12      79.    Representative Plaintiffs incorporate in this cause of action each and every

13  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

14  herein.

15      80.    Representative Plaintiffs further bring this cause of action seeking equitable and

16  statutory relief to stop the misconduct of MediFit, as complained of herein, and to seek

17  restitution from Defendant of amounts acquired through the unfair, unlawful, deceitful and

18  fraudulent business practices described herein.

19      81.    The knowing conduct of Defendant, as alleged herein, constituted and continues

20  to constitute an unlawful and/or fraudulent business practice, as set forth in California Business

21  & Professions Code §§ 17200, *et seq*. Specifically, Defendant conducted business activities

22  while failing to comply with the legal mandates cited herein.

23      82.    Defendant's knowing failure to adopt policies in accordance with and/or to adhere

24  to these laws, all of which are binding upon and burdensome to Defendant's competitors,

25  engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business

26  practice, as set forth in California Business & Professions Code §§ 17200-17208.

27      83.    MediFit has clearly established a policy of accepting a certain amount of

28  collateral damage, as represented by the damages to Representative Plaintiffs and the Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  herein alleged, as incidental to its business operations, rather than accept the alternative costs of

2  full compliance with fair, lawful and honest business practices ordinarily borne by responsible

3  competitors of Defendant and as set forth in legislation and the judicial record.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
#### (California Labor Code § 1194)

6  84.    Representative Plaintiffs incorporate in this cause of action each and every

7  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

8  herein.

9  85.    At all relevant times, Defendant was aware of and was under a duty to comply

10  with California Labor Code § 1194 *et seq.*

11  86.    California Labor Code § 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any
> employee receiving less than the legal minimum wage or the legal
> overtime compensation applicable to the employee is entitled to
> recover in a civil action the unpaid balance of the full amount of
> this minimum wage or overtime compensation, including interest
> thereon, reasonable attorney's fees, and costs of suit.

16  87.    During the Class Period, Defendant employed persons within the Plaintiff Class

17  who did not receive the applicable minimum wage for all hours worked on Defendant's behalf.

18  Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

19  Representative Plaintiffs, for example, did not receive any compensation whatsoever from

20  Defendant for periods during which they did not conduct a personal training session or group

21  fitness class despite performing other duties for Defendant as Fitness Instructors, including, *inter*

22  *alia*, completing paperwork, responding to electronic mail messages, following up with clients,

23  and corresponding with other employees.

24  88.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

25  herein, certain Class Members have sustained damages, including loss of earnings for hours

26  worked on behalf of Defendant, in an amount to be established at trial, and are entitled to recover

27  attorneys' fees and costs of suit.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**EIGHTH CAUSE OF ACTION**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2699)**

89.　Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

90.　California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees...

91.　Representative Plaintiff Ferraris, and each and every other Class Member, are "aggrieved employees," as defined by California Labor Code § 2699(c), because they were employed by Defendant and were some of many employees against whom violations of law were committed.

92.　Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 400-410, inclusive, 510, 512, 1174, 1194, 1194.2, 1197, 1198 and 2802.

93.　Representative Plaintiff Ferraris brings this action on behalf of herself and all Class Members alleging violations of the California Labor Code sections cited in the preceding paragraph.

94.　As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff Ferraris and Class Members are entitled to recover various penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## NINTH CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT CLAIM
### (29 U.S.C. § 216(b))

95.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

96.     At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. §203(b) and (d). As such, Defendant employed the FLSA Class Members as fitness instructors. At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

97.     Representative Plaintiffs are informed and believe, and thereon allege, that Defendant has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees.. .for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

98.     Representative Plaintiffs are informed and believe, and based thereon, allege that Defendant has required and/or requires the FLSA Class Members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefor and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §206 and 207(a)(1).

99.     Indeed, in the performance of their duties for Defendant, the FLSA Class Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

100.     Representative Plaintiffs propose to undertake appropriate proceedings to have the FLSA Class Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and given the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §216(b), by filing written consents to joinder with the Court.

101.     Defendant's violations of the FLSA were willful and are ongoing.

102.     As a result of the foregoing, Representative Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Representative Plaintiffs and Class Members, pursuant to 29 U.S.C. §206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia,* 29 U.S.C.§216(b).

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiffs,** on behalf of themselves and the **Plaintiff Class,** pray for judgment and the following specific relief against **Defendants**, jointly and separately, as follows:

1.     That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed class under Federal Rule of Civil Proedure 23;

2.     That the Court declare, adjudge and decree that Defendant violated the wage and overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiffs and the Plaintiff Class, as applicable;

3.     That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay wages, including overtime wages and/or the applicable minimum wage, under the California Labor Code and the applicable California IWC Wage Order;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

4.      That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 406 and 2802(a), *inter alia*, by willfully failing to reimburse the Representative Plaintiffs and Class Members for expenses incurred on behalf of Defendant;

5.      That the Court declare, adjudge and decree that Defendant violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the applicable IWC Wage Order as to Representative Plaintiffs and members of  the Class, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

6.      That the Court declare, adjudge and decree that Defendant violated California Labor Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the employment of Representative Plaintiffs and other terminated Class Members or within the statutorily-permitted grace period for payment of said wages;

7.      That the Court declare, adjudge and decree that Defendant violated California Business and Professions Code §§ 17200, *et seq*., by failing to pay Representative Plaintiffs and Class Members all wages due, in a timely manner and/or by failing to provide Class Members with accurate and complete itemized wage statements;

8.      That the Court make an award to the Representative Plaintiffs and the Class of damages and/or restitution for the amount of unpaid wages, including minimum wages and/or overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

9.      That the Court make an award to the Representative Plaintiffs and the Class for reimbursement of all employer related expenses incurred by said Class Members;

10.     That the Court make an award to the Representative Plaintiffs and Class Members of one hour of wages at each employee's regular rate of compensation for each workday a meal period was not provided;

11.     That the Court make an award to the Representative Plaintiffs and Class Members of one hour of wages at each employee's regular rate of compensation for each workday a rest period was not authorized and permitted;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    12.    That the Court order Defendant to pay restitution to Representative Plaintiffs and

2  the Class due to Defendant's unlawful activities, pursuant to California Business and Professions

3  Code §§ 17200-08;

4    13.    That the Court further enjoin Defendant, ordering it to cease and desist from

5  unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

6    14.    For all other Orders, findings and determinations identified and sought in this

7  Complaint;

8    15.    For Interest on the amount of all economic losses, at the prevailing legal rate;

9    16.    That the Court declare, adjudge, and decree that this action is a proper

10 representative action pursuant to California Labor Code section 2699;

11    17.    That the Court make an award to Plaintiff Ferraris and Aggrieved Employees of

12 civil penalties for violations of the Labor Code, pursuant to Labor Code section 2699;

13    18.    For reasonable attorneys' fees, pursuant to California Labor Code §§ 1194 and

14 2699(g) and/or California Civil Code § 1021.5; and

15    19.    For costs of suit and any and all such other relief as the Court deems just and

16 proper.

17

18 Dated: July 12, 2016                    **SCOTT COLE & ASSOCIATES, APC**

19

20                              By:    ___/s/ Scott Edward Cole_____
21                                     Scott Edward Cole, Esq.
22                                     Attorneys for the Representative Plaintiffs
                                       and the Plaintiff Class
23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Second Amended Complaint for Damages, Injunctive Relief, and Restitution

28022281v.1

1

## JURY DEMAND

2          Representative Plaintiffs, on behalf of themselves and the Plaintiff Class, hereby demand

3    a trial by jury.

4

5    Dated: July 12, 2016                          **SCOTT COLE & ASSOCIATES, APC**

6

7                                           By:    ___/s/ Scott Edward Cole_____
                                                   Scott Edward Cole, Esq.
8                                                  Attorneys for the Representative Plaintiffs
                                                   and the Plaintiff Class
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28022281v.1

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800