Scott Edward Cole, Esq. (S.B. # 160744)
Jeremy A. Graham, Esq. (S.B. # 234166)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:   scole@scalaw.com
Email:   jgraham@scalaw.com
Web:     www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FLORES and GIULIA FERRARIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MEDIFIT CORPORATE SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 3:15-cv-03423-WHO<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL;**<br>**(3) AWARDING REIMBURSEMENT OF SETTLEMENT ADMINISTRATION EXPENSES**<br><br>Date:   November 9, 2016<br>Time:   2:00 p.m.<br>Place:  Courtroom 2, 17th Floor<br>Judge:  Honorable William H. Orrick |

The Court, having carefully considered the briefs, argument of counsel, and all matters presented to the Court, and good cause appearing, hereby **ORDERS** as follows:

1. This Order hereby incorporates by reference the definitions of the MediFit Corporate Services, Inc. "Wage and Hour" Class Action Settlement Agreement and Release of Claims ("Settlement Agreement").

2. This Court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding, personal jurisdiction over Representative Plaintiffs and Defendant and Settlement

-1-
Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Judgment
Case No. 3:15-cv-03423-WHO

28022271v.1

Class Members as defined in the Settlement Agreement, and subject matter jurisdiction to approve the Settlement.

3. The Court previously granted preliminary approval of the Settlement Agreement and conditionally certified the Plaintiff Classes for settlement purposes. The Court hereby now grants final approval of the Settlement Agreement.

4. The distribution of the Class Notice to the Plaintiff Class members as set forth in the Settlement Agreement has been completed. Notice given to Plaintiff Class members was reasonably calculated under the circumstances to apprise the Plaintiff Class members of the pendency of this class action, of all material elements of the proposed Settlement, and of their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. A full opportunity has been afforded to the members of the Plaintiff Classes to participate in this hearing, and all members of the Plaintiff Classes and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Order and Judgment.

5. The Court approves the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement Agreement according to its terms. The Court finds that the Settlement Agreement has been reached as a result of good faith, arm's length negotiations between the Parties. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys are able to reasonably evaluate their respective positions. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. The Court finds that Class Counsel has adequately advanced their position on a contingent-fee basis, and their efforts have resulted in an adequate recovery for the Settlement Class.

6. Defendant shall pay the Settlement Class Members pursuant to the claim procedure described in the Settlement Agreement. Defendant shall have no further liability for costs, expenses,

interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

7. The Court grants final approval of the allocation of $5,000 pursuant to California Labor Code sections 2698, *et seq.*, the Private Attorneys General Act of 2004. Seventy-five percent of that amount will be payable to the California Labor and Workforce Development Agency, and the remaining twenty-five percent shall be payable to Settlement Class Members.

8. The Court finds that Defendant has served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. section 1715, with the documentation required by 28 U.S.C. section 1715.

9. The Court finds that the Settlement Agreement has been drafted and entered into in good faith and constitutes a fair, reasonable, and adequate compromise of the Class Representatives and Settlement Class Member Released Claims against Defendant and all other released parties.

10. Plaintiff Class Members who did not timely submit valid Claim Forms or opt-out of the Settlement are bound by the Releases and waiver listed in the Settlement Agreement. Accordingly, as of the final judgment, members of the Plaintiff Class who have not been excluded are barred and enjoined from prosecuting the Released Claims during the Class Period against Defendant.

11. Judgment will be entered in accordance with the findings and Orders made herein. For all of the reasons set forth above, Plaintiff's Motion for Final Approval of Class Action Settlement is hereby **GRANTED.** This Action is dismissed in its entirety, on the merits, with prejudice, and without leave to amend.

12. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon its entry, it be deemed a final Judgment.

**IT IS FURTHER ORDERED THAT:**

13. The Court hereby finds that Class Counsel has fairly and adequately represented and protected the interests of the Class at all times in this action. An award of attorneys' fees of $325,000 is hereby approved and awarded to Class Counsel as provided for in the Settlement. The Court finds

-3-
Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Judgment
Case No. 3:15-cv-03423-WHO

28022271v.1

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

that the amount of this award is fair and reasonable, and is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding reasonable attorneys' fees and costs. Both methods are available to the Court and produce the same result. Therefore, the Court relies on each method as an independent basis for its determination of a reasonable award of attorneys' fees and costs.

14. The award of attorneys' fees is 25% of the total value of the common benefit created for the Class ("Gross Settlement Fund").

15. The attorneys' fee award is also warranted based on the alternative lodestar-plus-multiplier method of calculating attorneys' fees is class action cases. Having reviewed Class Counsel's time records, the Court finds that Class Counsel has accumulated a lodestar of $481,075.50. Class Counsel has requested attorneys' fees of $325,000. Applying the lodestar-plus-multiplier analysis, the amount requested by Class Counsel would result from the application of a multiplier of approximately .68 to its lodestar.

16. The current multiplier of .68 that Class Counsel requests is well below the range of multipliers often approved by courts. *See In re Cenco, Inc. Secs. Litig.*, 519 F. Supp. 322 (N.D. Ill. 1981) (4x multiplier awarded); *Harman v. Lyphomed, Inc.*, 945 F.2d 969 (7th Cir. 1991) (*citing In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322, 325 (N.D. Ill, 1981) (4x multiplier awarded)); *See also Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050-51 (9th Cir. 2002) (3.65 times the lodestar amount); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Otero v. Rent-A-Center, Inc.*, (L.A. Super. Ct. 2000) No. BC217038 (awarding 2.43 multiplier in wage and hour case); *In re Beverly Hills Fire Litig.*, 639 F. Supp 915 (E.D. Ky. 1986) (5x multiplier awarded); *Arenson v. Bd. Of Trade*, 372 F. Supp. 1349 (N.D. Ill 1974) (4x multiplier awarded). The Court further notes that this is no doubt a "diminishing multiplier" in that Class Counsel has submitted their lodestar based on the time they have spent thus far in the litigation, and the lodestar does not and cannot reflect the actual further billable hours Class Counsel will be expending in the future due to their continuing administrative and other duties in connection with implementing the Settlement. This future work should be taken into account in

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1. considering the reasonableness of Class Counsel's requested multiplier. The Court further finds that Class Counsel's hourly rates were reasonable for the work that they performed.

17. In the course of this litigation, Class Counsel incurred substantial costs in the form of, *inter alia,* legal and factual research, photocopies, faxes, travel, postage, and telephone charges totaling $17,629.47 (as of October 5, 2016) and will incur additional expenses through the completion of the distribution process including, but not limited to, photocopies, faxes, postage, and telephone charges. Such costs are appropriate for reimbursement in these types of cases. *In re United Energy Corp. Sec. Litig., Not Rpt'd in* F. Supp, 1998 WL 73211, *6 (C.D. Cal. 1989) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved"); 1 Alba Conte, *Attorney Fee Awards* § 2:08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."); *Smith v. Krispy Kreme Doughnut Corp., Not Rpt'd in* F. Supp. 2d, 2007 WL 119157, *3 (M.D.N.C. Jan. 10, 2007); *In re Warner,* 618 F. Supp. 735; *In re GNC Shareholder Litig.: All Actions,* 668 F. Supp. 450, 452 (W.D.P.A. 1987). As such, the costs incurred by Plaintiff's counsel in this litigation are reasonable and appropriate as they served to benefit the class.

18. Pursuant to the Settlement Agreement, the sum of $3,750 shall be paid to the California Labor and Workforce Development Agency for the release of Private Attorneys General Act Claims.

**IT IS FURTHER ORDERED THAT:**

19. The Court finds that Representative Plaintiffs Francisco Flores and Giulia Ferraris have contributed significantly to the resolution of this case and has fairly and adequately represented and protected the interests of the Classes at all times in this action. Among other efforts, Representative Plaintiffs produced documents, answered a host of questions (on many occasions) from Class Counsel about the organizational structure of the company and job duties performed by themselves and other Class Members, and reviewed documents to aid in the resolution of this case. The Court notes that none of the Class Members have objected to the Enhancement Award requested by Plaintiff and that the award will not significantly reduce the amount of settlement funds available to the Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

20. The Court finds the Enhancement Award to be fair and reasonable compensation based upon the evidence presented regarding the services provided and the risks incurred by Representative Plaintiffs in assisting Class Counsel in this matter. The Plaintiff Flores shall be awarded an Enhancement Award in the amount of $4,500, and Plaintiff Ferraris shall be awarded an Enhancement Award in the amount of $1,500.

**IT IS FURTHER ORDERED THAT:**

21. The Court finds that the costs which have already been incurred by the Settlement Administrator, Rust Consulting, Inc., were incurred for the benefit of the Class, are fair, reasonable, appropriate for reimbursement, and are, therefore, hereby approved. The Court thus approves payment of $20,500 to Rust Consulting, Inc. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

**IT IS FURTHER ORDERED THAT:**

22. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, judgment is hereby entered in this Class Action in accordance with the foregoing Order and Judgment and in accordance with the terms and conditions provided in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 15, 2016

_____
The Honorable William H. Orrick
United States District Judge