UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIFIT CORPORATE SERVICES, INC.,<br><br>    Defendant. | Case No. 15-cv-03423-WHO<br><br>**ORDER DENYING SHEILA MASON'S MOTION TO OPT OUT**<br><br>Dkt. No. 55 |

## INTRODUCTION

When the Court preliminarily approved the MediFit Corporate Services, Inc. "Wage and Hour" Class Action Settlement Agreement ("Settlement Agreement"), it ordered Class Members to request exclusion from the settlement by September 19, 2016 (the "Opt-Out Deadline"). Dkt. No. 46. The Court held a final approval hearing on the Settlement Agreement on November 9, 2016 and concluded that the Settlement was fair and reasonable to the class. The Settlement was approved and final judgment was entered on November 15, 2016. Plaintiff class member Sheila Mason now requests permission to belatedly opt-out of the Settlement. Dkt. No. 55. Because Mason has not demonstrated excusable neglect to justify her failure to timely opt out, and because Medifit is entitled to rely on the finality of the settlement, her motion is DENIED.

## BACKGROUND

Mason was employed by Medifit between July 1, 2013 and March 11, 2016. Motion to Opt Out ("Mot.") at 2 (Dkt. No. 62). On May 11, 2016, Mason retained Michael Adams to prosecute her claims against Medifit for discriminatory discharge as well as labor code violations. *Id.* In early August, 2016, Mason received a Notice of Proposed Class Action Settlement and Settlement Approval Hearing, which estimated her individual settlement share at $1,155.41, and explained that the Opt-Out Deadline was September 19, 2016. *Id.* Mason consulted with her

1  attorney and decided to opt out of the class. *Id.* On approximately August 13, 2016, Mason
2  signed an opt-out request that Adams had prepared and returned it to Adams' office by regular
3  mail. *Id.* Adams' secretary, Hosetta Zertuche received the signed opt out request on August 17,
4  2016, but mislaid it under other papers and failed to bring it to Adams' attention. *Id.* Adams and
5  Zertuche did not think about the opt out again until December 19, 2016, when they received notice
6  from Mason that she had received a settlement check. *Id.* Mason contends that her failure to
7  timely opt out was the result of excusable neglect on the part of her attorney and his secretary. *Id.*
8  at 3. She requests permission to belatedly opt out and for relief from the judgment. *Id*.

## LEGAL STANDARD

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). In the context of belated settlement opt outs, courts consider:

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). Courts may also consider the likely prejudice to the opposing party and whether the movant acted in good faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## DISCUSSION

Mason has not shown that excusable neglect allows her to opt out of the class settlement beyond the Opt-Out Deadline and after final judgment has been entered in this case. There is no dispute that Mason received actual, timely notice of the Settlement. Mot. at 1. The Settlement notice explains that "to opt out, you must submit a signed, written request by first-class U.S. mail to the Settlement Administrator at the address below, postmarked no later than September 19, 2016." Dkt. No. 46. It explains clearly that the "request to opt out must contain your full name and the last four digits of your Social Security Number, and must state in substance the following:

'I have read the Class Notice and I wish to opt-out of the class action and do not wish to participate in the settlement of the case *Flores, et al. v. MediFit Corporate Services, Inc.*' " *Id.* Mason was not required to obtain counsel to opt-out of the Settlement and could have submitted an opt-out request directly to the Settlement Administrator. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 15-cv-2672-CRB, 2016 U.S. Dist. LEXIS 149800, *721 (N.D. Cal. Oct. 27, 2016) ("[T]he Settlement does not require Class Members to retain counsel to opt out; rather, Friedman could have mailed her request for exclusion herself. Accordingly, her failure to timely request exclusion does not constitute good cause or excusable neglect."). By sending her opt-out request to her attorney instead of the Settlement Administrator Mason took the risk that her counsel might misplace the opt-out request or fail to forward it to the correct entity.

Further, Mason brings this motion after final judgment has been entered and settlement is complete. There is no reasonable dispute that the opt-out request is prejudicial to Medifit, which is entitled to rely on the finality of its settlement judgment. *In re Charles Schwab Corp. Securities Litig.*, No. 08-cv-1510-WHA, 2010 WL 2178937, *1 (N.D. Cal. May 27, 2010) (opt out request made "on the eve of preliminary approval of a 200 million dollar class-wide settlement" was likely to cause prejudice because defendants negotiated settlement with stable class in mind); *Bowman v. UBS Financial Servs., Inc.*, No. 04-cv-3525-MMC, 2007 WL 1456037, *3 (N.D. Cal. May 17, 2007) ("[D]efendants nonetheless would be prejudiced were the Court to permit Krenzin and Zurn to opt out at this late date, because UBS will have to expend resources defending against claims that it reasonably understood were foreclosed by the Court's order of November 22, 2006 granting final approval to the settlement.").

While there is no evidence that Mason's request was not brought in good faith, she has failed to show excusable neglect. Mason made the choice to rely on her attorney to forward her opt-out request instead of sending it herself. If she believes her attorney erred by failing to timely forward the request, her remedy is a malpractice suit against her counsel, not to belatedly opt out of the settlement. Allowing Mason to opt-out at this late date, after final settlement, would prejudice Medifit, which would be required to defend against claims that it reasonably understood

3

were foreclosed by the final approval of settlement and judgment in this case.

## CONCLUSION

Mason's request to belatedly opt-out of the Settlement is DENIED.

**IT IS SO ORDERED**.

Dated: February 10, 2016



WILLIAM H. ORRICK
United States District Judge